Filed 7/26/23  P. v. Navarro CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>BALDEMAR NAVARRO,<br><br>        Defendant and Appellant. | C091909<br><br>(Super. Ct. No. MCYK-CRF-2015-706-2)<br><br>OPINION ON TRANSFER |

Defendant Baldemar Navarro appeals from the trial court's order authorizing the involuntary administration of medication.  His appointed counsel has asked this court for an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable issues, we shall affirm.

1

## I. BACKGROUND

Defendant was charged with eight counts of aggravated sexual assault of a child—six for sexual penetration (Pen. Code, § 269, subd. (a)(5)),[1] one for rape (§ 269, subd. (a)(1)), and one for oral copulation (§ 269, subd. (a)(4))—and two counts of lewd act upon a child (§ 288, subd. (a)). It was further alleged that for all counts defendant committed an offense specified in section 667.61, subdivision (c) against more than one victim (§ 667.61, subds. (b) & (e)); for all counts but one lewd act count that more than one victim was under 14 years old; and that for all counts he had two prior convictions for sex crimes (§§ 667.51, subd. (a), 667.6, subd. (a)).

On January 15, 2019, the trial court found defendant not competent to stand trial and suspended criminal proceedings. The court based its finding on two psychologists' reports. The court also heard and denied defendant's motion for new counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. The court committed defendant to the State Department of State Hospitals for a maximum of two years.

On January 16, 2020, the State Department of State Hospitals filed a petition to compel involuntary treatment with antipsychotic medications. The trial court held a hearing on the petition on January 30, 2020. A psychiatrist who had been working with defendant at the state hospital testified in support of the petition. The court found "the evidence established really without contradiction that [defendant] lacks the capacity to make decisions regarding antipsychotic medication," "his mental disorder requires medical treatment with antipsychotic medication," and "that serious harm will result to [defendant's] mental health if he's not treated with antipsychotic medication." Consequently, the court ordered defendant be administered antipsychotic medication involuntarily. Defendant filed a notice of appeal to this order on April 22, 2020.

---

[1] Undesignated statutory references are to the Penal Code.

On May 20, 2020, the State Department of State Hospitals filed a certification that defendant was competent to stand trial and on June 2, 2020, the trial court ordered criminal proceedings reinstated.

Appointed counsel for defendant asked this court to independently review the record pursuant to *Wende*. Defendant was advised by counsel of the right to file a supplemental brief within 30 days. Defendant did not file a supplemental brief and we dismissed the appeal as abandoned. The California Supreme Court granted review of the case and later transferred the matter back to this court with instructions to vacate the dismissal and reconsider the case in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We vacated our decision.

## II. DISCUSSION

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court held that *Wende* independent review is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing, because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo, supra*, 14 Cal.5th at pp. 222, 224-225.) The court further found that general due process principles regarding fundamental fairness did not compel a *Wende* independent review of the order. (*Id*. at pp. 229-232.) Nevertheless, in the interest of judicial economy, the court exercised its discretion to conduct its own independent review of the record given that the lower court's "suboptimal" notice to defendant referenced *Wende* but did not indicate that his

3

appeal might be dismissed as abandoned if he did not file a supplemental brief. (*Id.* at pp. 222, 233.)

While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6 (*Delgadillo, supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"]), which is not the type of postconviction order at issue here, the same principles may nonetheless apply given that this is not defendant's first appeal as of right. However, we need not decide whether *Delgadillo* in fact governs review of the instant order because, like the Supreme Court, we shall exercise our discretion to conduct an independent review of the record given that we cannot confirm defendant received notice that his appeal might be dismissed as abandoned if he did not file a supplemental brief.

Our review of the record reveals no arguable issues.

### III. DISPOSITION

The trial court's order authorizing the involuntary administration of medication is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

EARL, P. J.

/S/

_____

BOULWARE EURIE, J.

4